Case 1:07-cv-05918-JBS-KMW   Document 45   Filed 04/20/09   Page 1 of 15 PageID: 625

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| R.K., individually and as parent and natural guardian of S.K.B.,<br><br>    Plaintiffs,<br><br>    v.<br><br>Y.A.L.E. SCHOOLS, INC., et al.,<br><br>    Defendants. | HON. JEROME B. SIMANDLE<br><br>Civil No. 07-5918 (JBS)<br><br>**<u>OPINION</u>** |

APPEARANCES:

Virginia L. Hardwick, Esq.
HILL WALLACK LLP
777 Township Road
Newtown, PA 18904
    Attorney for Plaintiffs R.K. and S.K.B.

Christopher J. O'Connell, Esq.
SWEENEY & SHEEHAN, PC
Sentry Office Plaza
216 Haddon Avenue
Suite 500
Westmont, NJ 08108
    Attorney for Defendants Y.A.L.E. Schools, Inc., Karen Carr,
    Edward Vonderschmidt, Dennis Morgan, Karen Huber, Anna
    Bouvier, and Ernest Laux

Richard L. Goldstein, Esq.
MARSHALL, DENNEHEY, WARNER, COLEMAN & GOGGIN, PA
Woodland Falls Corporate Park
200 Lake Drive East
Suite 300
Cherry Hill, NJ 08002
    Attorney for Defendants Medford Township Board of Education,
    Mark Gelardo, Joseph Del Rossi, and Mary Maley

**SIMANDLE**, District Judge:

    This matter is before the Court upon Plaintiffs' motion for

reconsideration [Docket Item 36] of aspects of the Court's October 30, 2008 Opinion and Order [Docket Items 33 and 34]. Plaintiff R.K., individually and on behalf of her minor son, S.K.B., filed this action against the Medford Township Board of Education (the "Board"), a corporation called Y.A.L.E. Schools, Inc., and numerous employees of each entity, asserting a variety of claims premised upon federal and New Jersey law.  In its October 30, 2008 Opinion and Order, the Court granted in part and denied in part Defendants' motions to dismiss, as is explained in detail below.  Plaintiffs move for reconsideration of three aspects of that Opinion: (1) the dismissal of R.K.'s defamation and false light claims, (2) the limitation of the factual scope of S.K.B.'s defamation claim, and (3) the determination that Plaintiffs' intentional infliction of emotional distress claims are subject to the New Jersey Tort Claims Act's verbal threshold. For the reasons set forth below, the Court will grant in part and deny in part Plaintiffs' motion for reconsideration.

**I.   BACKGROUND**

    **A.   Facts**

Plaintiffs' factual allegations were reviewed in detail in the Court's October 30, 2008 Opinion, and are discussed herein only to the extent necessary to resolve the issues raised in the motion presently under consideration.  Plaintiff R.K. is the mother of S.K.B., a child who suffers from Asperger's syndrome,

attention deficit hyperactivity disorder, and posttraumatic stress disorder.  (Compl. ¶ 15.)  In 2006, pursuant to his individualized education plan ("IEP") and through an agreement between the Board and Y.A.L.E. Schools, Inc., S.K.B. attended the Y.A.L.E. School in Cherry Hill, New Jersey.  (Id. at ¶¶ 3, 15.)  On February 28, 2006, the principal of the Y.A.L.E. School, Defendant Morgan, "improperly employed a face[-]down, take[-]down restraint" upon S.K.B., a use of force which Plaintiffs allege ran contrary to S.K.B.'s IEP.  (Id. at ¶ 15.)

Following this allegedly inappropriate use of force upon S.K.B., R.K. complained to the individually named Medford and Y.A.L.E. Defendants.[1]  (Id. at ¶ 16.)  According to Plaintiffs, the school employees' response to R.K.'s complaint was to inform R.K. that she would need to find an alternative school placement for S.K.B.  (Id.)  In addition, Plaintiffs allege that the school's employees continued to mistreat S.K.B. after R.K. complained.  (Id.)

In response to this perceived mistreatment, on March 9, 2006, R.K. contacted Defendant Gelardo, an employee of the Medford Township Board of Education, and informed him that she believed that her son's civil rights were being violated, and

---

[1] The individual Medford Defendants are Mark Gelardo, Joseph Del Rossi, and Mary Maley.  (Compl ¶¶ 11-13.)  The individual Y.A.L.E. Defendants are Karen Carr, Edward Vonderschmidt, Dennis Morgan, Karen Huber, Anna Bouvier, and Ernest Laux.  (Id. at ¶¶ 4-10.)

3

stated that she intended to file a complaint with the USDOE's Office for Civil Rights (the "OCR").  (Id. at ¶ 17.)  R.K. followed through on her statement to Defendant Gelardo on May 22, 2006, when she filed a civil rights complaint.  (Id.) Additionally, R.K. informed the Medford and Y.A.L.E. Defendants that she "could not keep her son in such a hostile environment," requested that the Board find a different school placement for S.K.B., and advised Defendants that if the situation was not resolved, she would not be able to send S.K.B. to the Y.A.L.E. School out of concern for his safety.  (Id. at ¶ 18.)  R.K. subsequently "revoked consent for the placement of her son at the Y.A.L.E. School and requested school district home instruction and related services pending appropriate alternative school placement."  (Id. at ¶ 19.)

   The Complaint alleges that, in response to R.K.'s announced intent to file a civil rights complaint against Defendants with the OCR, Defendants took various steps to retaliate against Plaintiffs.  First, Plaintiffs allege that the individual Defendants conspired to make a "false and malicious complaint of sexual abuse" perpetrated by R.K. against S.K.B. to the Department of Youth and Family Services ("DYFS").  (Id. at ¶ 20.) DYFS agents, in turn, made an unannounced visit to Plaintiffs' home, where they determined that the allegations against R.K. were "wholly lacking in merit and summarily closed the file."

4

(Id. at ¶ 21.)

Subsequently, R.K. filed an application for "emergency due process relief" with the Department of Education's Office of Administrative Law in order to secure a new school placement for S.K.B.  (Id. at ¶ 22.)  To retaliate against R.K. for filing this application, Defendant Del Rossi allegedly filed a false truancy complaint against R.K. and S.K.B. with the Medford Township Police Department.  (Id. at ¶ 23.)  This complaint was ultimately dismissed after the court found that probable cause did not exist.  (Id.)  As a result of Defendants' alleged acts of retaliation, Plaintiffs claim that they have suffered severe emotional distress.  (Id. at Count V, ¶ 3.)

B.  **Procedural History**

Plaintiffs filed this action on October 30, 2007 in the Superior Court of New Jersey, Camden County.[2]  The Medford Defendants timely removed the matter to this Court, pursuant to 28 U.S.C. § 1446(b), on December 12, 2007 [Docket Item 1].  The Medford Defendants and the Y.A.L.E. Defendants filed separate motions to dismiss, which the Court addressed in its October 30, 2008 Opinion and Order.

Only three aspects of that Opinion are relevant here.

---

[2] The Complaint asserts counts of defamation (Count I), harassment (Count II), false light (Count III), negligence (Count IV), intentional infliction of emotional distress (Count V), civil conspiracy (Count VI), and retaliation for the exercise of First Amendment rights (Count VII).

First, the Court held that R.K.'s defamation and false light claims were barred by the one-year statute of limitations,[3] and accordingly granted Defendants' motions to dismiss these claims. The Court explained:

> The comments referenced in the Complaint that form the basis of Plaintiff R.K.'s defamation and false light claims were made on March 17, 2006 and March 28, 2006, (Compl. ¶¶ 20, 23), which means that the one-year statute of limitations on these claims expired in March 2007. Plaintiffs filed this action on November 19, 2007, approximately seven months after the limitations period expired. It is thus apparent that the Complaint herein "facially shows noncompliance with the limitations period" applicable to Plaintiffs' defamation and false light claims. Oshiver, 38 F.3d at 1384 n.1.
>
> Recognizing the evident untimeliness of these claims, Plaintiff R.K. argues that Defendants should be equitably estopped from contesting the timeliness of her claims because "Plaintiff did not learn of the identities of the persons who promulgated the subject accusations until November 17, 2006 . . . [and] she filed a tort claims notice under the Tort Claims Act, which further delayed her filing of a civil complaint." (Pls.' Opp'n Br. at 11.) Though labeled by Plaintiffs as an argument asserting equitable estoppel, this argument is more properly characterized as an attempt to invoke the discovery rule, which . . . is inapplicable to claims subject to N.J.S.A. 2A:14-3's limitations period. See [Lawrence v. Bauer Pub. & Printing Ltd., 78 N.J. 371, 371-72 (1979); Martinez v. National Broadcasting Co., 877 F. Supp. 219, 232 (D.N.J. 1994)]. As Defendants have noted, New Jersey courts have invoked the doctrine of equitable estoppel in the context of statute of limitations questions where "a defendant has lulled a plaintiff into a false sense of security by representing that a claim will be amicably settled without the necessity for litigation," or where "a defendant has failed to disclose information which he had a statutory

---

[3] See Rumbauskas v. Cantor, 138 N.J. 173, 183 (1994) (noting that false light claims "are subject to the limitations period for defamation claims, which is one year in New Jersey").

> duty to disclose, and such non-disclosure prevented a plaintiff from realizing that he possessed an actionable claim." Lawrence, 78 N.J. at 376 (Pashman, J., concurring) (citing cases). Neither of these circumstances is present here: R.K. has not suggested that she was lulled into a false sense of security with promises of settlement, and no Defendant had a statutory to disclose the individual Defendants' identities to Plaintiffs.

(Docket Item 33 at 25-27.) Recognizing that the Court may, upon a motion to dismiss, dismiss a claim on statute of limitations grounds if the untimeliness of the claim is apparent on the face of the complaint, Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n.1 (3d Cir. 1994), the Court granted Defendants' motions to dismiss R.K.'s defamation and false light claims. (Docket Item 33 at 27.)

Second, the Court noted that Plaintiff S.K.B., who also asserted defamation and false light claims, is a minor, and found that, under New Jersey law, the statute of limitations on his defamation and false light claims is tolled until he reaches the age of twenty-one. See N.J.S.A. 2A:14-21. The Court explained that S.K.B.'s "claims are tolled pursuant to N.J.S.A. 2A:14-21, and are not subject to dismissal herein, to the extent S.K.B. alleges defamation from being called a truant." (Docket Item 33 at 27) (emphasis added). Plaintiffs challenge this limitation on the scope of S.K.B.'s claims.

Finally, while the Court denied the individual Medford Defendants' motion to dismiss Plaintiffs' intentional infliction

7

of emotional distress claims on New Jersey Tort Claims Act ("TCA") grounds, it noted that Plaintiffs would ultimately be required to satisfy the TCA's verbal threshold in order to prevail on their intentional infliction of emotional distress claims. The Court explained:

> N.J.S.A. 59:9-2(d), known as the Tort Claims Act's "verbal threshold," . . . provides:
>
>> No damages shall be awarded against a public entity or public employee for pain and suffering resulting from any injury; provided, however, that this limitation on the recovery of damages for pain and suffering shall not apply in cases of permanent loss of a bodily function, permanent disfigurement or dismemberment where the medical treatment expenses are in excess of $3,600.00.
>
> N.J.S.A. 59:9-2(d).
>
> The Court will deny the individual Medford Defendants' motion to dismiss Plaintiffs' intentional infliction of emotional distress claim. "Under the Tort Claims Act, the burden is on the public entity [or employee] to plead and prove its immunity." Ciambrone v. State Dept. of Transp., 233 N.J. Super. 101, 105 (App. Div. 1989). With respect to affirmative defenses like the Tort Claims Act's verbal threshold, while "a complaint may be subject to dismissal under Rule 12(b)(6) when an affirmative defense appears on its face," Leveto v. Lapina, 258 F.3d 156, 161 (3d Cir. 2001) (citation omitted), dismissal is only appropriate where "plaintiff's own allegations show that a defense exists that legally defeats the claim for relief." 5B Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, Federal Practice and Procedure § 1357 (3d ed. 2001). In light of Plaintiffs' claims that they suffered extreme depression as a result of Defendants' conduct, the Court cannot conclude that they have not suffered a permanent loss or incurred medical expenses in excess of $3,600.00. Of course, if, upon a later motion for summary judgment, Plaintiffs fail to adduce evidence of a permanent injury and medical expenses exceeding $3,600.00, Plaintiffs' claim for pain and suffering damages will be dismissed as to the Medford Defendants.

(Docket Item 33 at 21-22.)

Following the issuance of the October 30, 2008 Opinion and Order, Plaintiffs filed the motion for reconsideration presently under consideration, to the merits of which the Court now turns.

**II.  DISCUSSION**

    **A.  Standard of Review**

Local Civil Rule 7.1(i) governs the Court's review of the City's motion for reconsideration.  Rule 7.1(i) requires the moving party to set forth the factual matters or controlling legal authorities it believes the Court overlooked when rendering its initial decision.  L. Civ. R. 7.1(i).  Whether to grant a motion for reconsideration is a matter within the Court's discretion, but it should only be granted where such facts or legal authority were indeed presented but overlooked.  See DeLong v. Raymond Int'l Inc., 622 F.2d 1135, 1140 (3d Cir. 1980), overruled on other grounds by Croker v. Boeing Co., 662 F.2d 975 (3d Cir. 1981); see also Williams v. Sullivan, 818 F. Supp. 92, 93 (D.N.J. 1993).  To prevail on a motion for reconsideration, the movant must show either

> (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court . . . [rendered the judgment in question]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice.

Max's Seafood Café ex rel. Lou-Ann, Inc., v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999).  To prevail under the third prong, the

9

movant must show that "dispositive factual matters or controlling decisions of law were brought to the court's attention but not considered." P. Schoenfeld Asset Management LLC v. Cendant Corp., 161 F. Supp. 2d 349, 353 (D.N.J. 2001) (internal quotations and citations omitted).

**B. Analysis**

For the following reasons, the Court will deny Plaintiffs' motion to reconsider its dismissal of R.K.'s defamation and false light claims, as well as the limitation placed upon the scope of S.K.B.'s defamation claim, but will grant the motion to reconsider the limitation placed upon Plaintiffs' intentional infliction of emotional distress claims.

1.  Defamation and False Light Claims

With regard to the dismissal of R.K.'s defamation and false light claims, the Complaint makes plain that the allegedly defamatory statement at the heart of this litigation was made on March 17, 2006, which means that the Complaint, which was filed on October 30, 2007, was filed nearly seven months after the statute of limitations on R.K.'s defamation and false light claims expired. See Rumbauskas, 138 N.J. at 183.

Plaintiffs argue that the Court overlooked the fact that Defendants "re-published their false and malicious allegations of 'sexual abuse'" in June 2007 when they repeated their suspicions that R.K. had sexually abused S.K.B. to an investigator for the

Office of Civil Rights, who was apparently investigating the civil rights complaint that R.K. lodged in May 22, 2006. (Pls.' Br. at 4.) Plaintiffs' reliance on this alleged re-publication is misplaced. It is well-settled that when a statement is made in the context of an administrative investigation or quasi-judicial proceeding, such a statement is protected by an absolute privilege and cannot serve as the basis for a defamation claim. See, e.g., Yourman v. People's Sec. Life Ins. Co., 992 F. Supp. 696, 707-08 (D.N.J. 1998) (citing Rainier's Dairies v. Raritan Valley Farms, 19 N.J. 552 (1955)). In Yourman, for example, the plaintiff complained about the defendant to the New Jersey Department of Insurance, which launched an investigation into the plaintiff's complaint. Id. The defendant made what the plaintiff characterized as a defamatory statement in a letter in response to the Department's investigation, and the plaintiff sued for defamation. Id. The court explained:

> [B]ecause defendants made these statements in the context of a quasi-judicial proceeding, the communication was protected by absolute privilege. The complaint admits that when Lisa Yourman filed a complaint against Durham with the Department of Insurance in December 1995, an investigation was triggered pursuant to the ITPA . . . . The subject letter was sent in response to this investigation and is therefore privileged as are all communications in a quasi-judicial proceeding.

Id. (citing Rainier's Dairies, 19 N.J. at 562); see also Booth v. Total Health Care, Inc., 880 F. Supp. 414, 415-16 (D. Md. 1994) (explaining that statements made to investigator from civil

11

rights commission are "absolutely privileged" from defamation claims).

Defendants' statements to the OCR in response to the investigation of Plaintiffs' civil rights complaint were likewise absolutely privileged, see Yourman, 992 F. Supp. at 707-08; Booth, 880 F. Supp. at 415-16, and cannot save R.K.'s otherwise untimely defamation and false light claims. Finding that Plaintiffs have failed to identify "a clear error of law or fact" in the Court's dismissal of R.K.'s defamation and false light claims, Quinteros, 176 F.3d at 677, the Court will deny this aspect of Plaintiffs' motion for reconsideration.

Plaintiffs next urge the Court to reconsider its characterization of S.K.B.'s defamation claim as being limited "to the extent [that] S.K.B. alleges defamation from being called a truant." (Docket Item 33 at 27.) According to Plaintiffs:

> This Court failed to consider the statements made by defendant, Y.A.L.E. to OCR, in which the minor plaintiff was accused of untoward and "sexualized" behavior which never occurred. Furthermore, as stated in plaintiffs' Complaint, in its statement to the OCR, dated June 2007, defendant Y.A.L.E. purposefully and maliciously perverted symptoms related to the minor plaintiff's disability to indicate 'sexualized' behavior.

(Pls.' Br. at 5) (emphasis added). Once again, Plaintiffs' motion urges reconsideration based exclusively on statements allegedly made to the OCR during the OCR's investigation of Plaintiffs' complaint. Such statements are absolutely privileged and cannot serve as the basis for a defamation claim. See, e.g.,

12

Yourman, 992 F. Supp. at 707-08; Booth, 880 F. Supp. at 415-16. The Court thus overlooked no "dispositive factual matters" in characterizing S.K.B.'s defamation claim as being limited to the characterization of him as a truant, Cendant, 161 F. Supp. 2d at 353 (citation omitted, emphasis added), and will deny this aspect of Plaintiffs' motion for reconsideration.

### 2. Intentional Infliction of Emotional Distress Claims

Finally, the Court addresses Plaintiffs' contention that the Court erred when it stated in passing in its October 30, 2008 Opinion that "if, upon a later motion for summary judgment, Plaintiffs fail to adduce evidence of a permanent injury and medical expenses exceeding $3,600.00, Plaintiffs' claim for pain and suffering damages will be dismissed as to the Medford Defendants" for failure to satisfy the TCA's verbal threshold. (Docket Item 33 at 22.)  Plaintiffs argue that the Court overlooked its prior analysis of the verbal threshold requirement in Ward v. Barnes, 545 F. Supp. 2d 400, 417-18 (D.N.J. 2008), wherein the Court explained:

> [The verbal threshold] must be read in concert with N.J. Stat. Ann. § 59:3-14(b), which provides that the Act does not preclude a plaintiff from seeking "the full measure of recovery" against a public employee that would be available against someone in the private sector if the public employee defendant acted "outside the scope of his employment or [his conduct] constituted a crime, actual fraud, actual malice or willful misconduct." See Kelly v. County of Monmouth, 380 N.J. Super. 552, 562 (App. Div. 2005) ("in circumstances in which the public employee acts willfully or beyond the scope of his

13

> employment, the verbal threshold must not be applied. This conclusion is compelled by the very terms of the Tort Claims Act.")
>
> The Tort Claims Act treats public employees differently than it treats public entities. "Generally, immunity for public entities is the rule and liability is the exception. In contrast, immunity of a public employee under the TCA is the exception." <u>Fleuhr v. City of Cape May</u>, 159 N.J. 532, 539 (1999) (citations omitted). Insofar as a provision of the Act explicitly places the employee's alleged intentional conduct in this case outside the scope of public employment, the provisions available to protect him in his role as a public employee do not apply.

<u>Ward</u>, 545 F. Supp. 2d at 417-18 (footnotes omitted); <u>see also</u> <u>Stolinski v. Pennypacker</u>, No. 07-3174, 2008 WL 5136945, at *7 (D.N.J. Dec. 4, 2008) (reiterating these principles).

The Court agrees with Plaintiffs that, to the extent the October 30, 2008 Opinion indicates that the individual Medford Defendants would be immune under the TCA if Plaintiffs fail to adduce evidence sufficient to meet the verbal threshold, this aspect of the Opinion was in error. That is, if Plaintiffs prove that the individual Medford Defendants committed intentional infliction of emotional distress, such conduct would be "outside the scope of [public] employment," N.J.S.A. 59:3-14, and would not be subject to the TCA's verbal threshold. <u>See</u> <u>Ward</u>, 545 F. Supp. 2d at 417-18; <u>see also</u> <u>Buckley v. Trenton Saving Fund Soc.</u>, 111 N.J. 355, 366 (1988) (proof of intentional infliction of emotional distress requires a showing of, <u>inter alia</u>, "extreme or outrageous conduct" and evidence that the defendant intended "to

14

produce emotional distress"). Plaintiffs' motion for reconsideration of this aspect of the Court's October 30, 2008 Opinion will be thus granted.

**III. CONCLUSION**

For the reasons explained above, the Court will grant in part and deny in part Plaintiffs' motion for reconsideration. Specifically, Plaintiffs' motion for reconsideration of any aspect of the October 30, 2008 Opinion's treatment of Plaintiffs' defamation and false light claims will be denied, but the Court will grant the motion for reconsideration of the Court's statement that the TCA's verbal threshold applies to Plaintiffs' claims for intentional infliction of emotional distress. The accompanying Order is entered.


**April 20, 2009**                          **s/ Jerome B. Simandle**
Date                                         JEROME B. SIMANDLE
                                             United States District Judge

15